*Supp. 4 Opinion
SAETA, J.
Plaintiff, a model, sued defendant, a photographer, for damages pursuant to Labor Code section 203 for failure to timely pay his wages. Plaintiff used an agent (Dennis) to find work for him. The agent also billed for plaintiff’s services, collected the payments, deducted his fee, and sent the balance to plaintiff. Dennis secured the present job for plaintiff with defendant. Plaintiff called defendant and was told where and when to appear and what to wear. On arrival, plaintiff was told to wear a butcher’s, apron that was provided and where to stand and what to do. Testimony was introduced that the model had to follow the directions of the photographer or he would be fired. Plaintiff worked two hours following the directions of defendant. He called in his hours to Dennis the same day and the latter immediately billed defendant $150 at the rate of the agreed $75 per hour. Despite repeated requests, defendant did not pay plaintiff until five months had elapsed. Defendant, according to the custom of the industry, was waiting to be first paid by the advertising agency which engaged his services. Generally, in defendant’s experience and that of others in the industry, he pays his models from four to six weeks after their services are rendered. No withholdings or deductions were made from defendant’s payment to Dennis.
The trial court rendered judgment for defendant. The engrossed statement on appeal sets forth the trial judges’s rationale as follows: “.. .due to the habit and custom the plaintiff had no expectation of receiving payment for his services upon completion of his employment. That the plaintiff had an independent calling and that all plaintiff was doing was selling his face and since the plaintiff was paid through his agent he could not make a personal demand upon the defendant.”
On-appeal plaintiff asserts that he was in fact and law an employee, not an independent contractor; habit and custom evidence was improperly admitted; and he could make a demand as well as his agent. Defendant attempts to defend the judgment by saying it is up to the plaintiff to demand payment whereas here the agent Dennis demanded it and that the trial court was correct in determining that plaintiff was an independent contractor.
The facts relating to plaintiff’s hiring and performance and the relationship of the parties are essentially not in dispute. Under these circumstances, the proper characterization of that relationship is one of *Supp. 5 law for us, an appellate court, to make. (Isenberg v. California Emp. Stab. Com. (1947) 30 Cal.2d 34, 41 [180 P.2d 11]; Tieberg v. Unemployment Ins. App. Bd. (1970) 2 Cal.3d 943, 951 [88 Cal.Rptr. 175, 471 P.2d 975].) In determining whether one is an employee or an independent contractor, the California Supreme Court has adopted the test of the Restatement of Agency, section 220: “In determining whether one who performs services for another is an employee or an independent contractor, the most important factor is the right to control the manner and means of accomplishing the result desired. If the employer has the authority to exercise complete control, whether or not that right is exercised with respect to all details, an employer-employee relationship exists. Strong evidence in support of an employment relationship is the right to discharge at will, without cause. [Citations.] Other factors to be taken into consideration aré (a) whether or not the one performing services is engaged in a distinct occupation or business; (b) the kind of occupation, with reference to whether, in the locality, the Work is usually done under the direction of the principal or by a specialist without supervision; (c) the skill required in the particular occupation; (d) whether the principal or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work; (e) the length of time for which the services are to be performed; (f) the method of payment, whether by the time or by the job; (g) whether or not the work is a part of the regular business of the principal; and (h) whether or not the parties believe they are creating the relationship of employer-employee. (Rest, Agency, § 220; Cal.Ann., § 220.)’” (Tieburg, supra, at p. 949.)
Applying the above factors, we determine that the relationship of employer-employee existed between defendant and plaintiff. The most crucial consideration is the right to exercise complete control over the work, including its details. All witnesses were in agreement that the photographer controlled every movement and the dress, hours, and place of work of plaintiff, and could fire him for disobedience. Referring by “letter” to the other factors in the quoted extract from Tieberg, supra, factors (b), (c), (d), (f) and (g) tend to show an employment existed; factors (a) and (e) tend to show the relationship was that of independent contractor; and factor (h) is unexplained by the evidence. On balance, and giving the greatest weight to the first factor, control, plaintiff was an employee.[1]
*Supp. 6 Labor Code section 200, subdivision (b) defines “labor” as including work or service “performed personally by the person demanding payment.” Defendant construes this clause as meaning that only the one personally performing the service can demand the payment personally. We do not read this definition so narrowly. First, it is the duty of the employer to pay wages due immediately at the time of termination of the work. (Lab. Code, § 201.) “[Labor Code, section 203] clearly imposes the penalty for willful failure to pay the wages of an employee immediately upon his discharge, pursuant to section 201 of the same code.” (Davis v. Morris (1940) 37 Cal.App.2d 269, 274 [99 P.2d 345].) In the Davis case the penalty applied even though the defendants failed to pay the wages at the termination of the work (the closing of the mine) due to their misconception that plaintiff was a partner of theirs rather than an employee. Second, the thrust of section 200, subdivision (b), is that the labor or service be personally performed, not that the demand for wages be personally made. It is wages that are governed, not the demand for those wages. Given that the employer has the duty of prompt payment, it would be anomalous to hold that the wage-earner’s spouse or agent could not obtain those wages from the employer in furtherance of that duty.
The above-referred-to Labor Code provisions express a strong public policy for prompt payment of laborers that may not be undercut by any industry habit or custom to the contrary. Labor Code, section 219 provides, in part, “but no provisions of this article [encompassing sections 200 through 240] can in any way be contravened or set aside by private agreement, whether written, oral or implied.”
The judgment is reversed. Appellant to recover his costs on appeal.
Bigelow, Acting P. J., concurred.

We do not agree with plaintiff that habit and custom evidence was improperly admitted. It was relevant to a determination of the correct characterization of the relationship.